J-S46037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAKEEM HALL | : | |
| | : | |
| Appellant | : | No. 2367 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 22, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005694-2016

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    Filed: January 21, 2021

Wakeem Hall ("Hall") appeals from the judgment of sentence entered following his conviction of corruption of minors.[1]  We affirm.

In July 2015, the complainant, R.S., who was then fifteen years old, and her cousin were employed as babysitters for Hall and his wife.  On an unknown date in July 2015, R.S. was sleeping on a couch in Hall's home when Hall began touching and rubbing R.S.'s arm.  Hall pulled R.S. off of the couch and into the kitchen.  When they reached the kitchen, Hall put his hand up R.S.'s shirt, unhooked her bra, felt her chest and back, pulled down her pants and underwear, and sexually assaulted her.  Immediately after the assault, R.S. told her cousin that Hall had touched her inappropriately.  Several months

_____

[1] 18 Pa.C.S.A. § 6301(a)(1)(i).

later, R.S. told two friends, and employees at her school, about the incident, who contacted the police.

Following an investigation, Hall was arrested on May 6, 2016, and charged with rape, corruption of minors, unlawful restraint, statutory sexual assault, indecent assault, sexual assault, and false imprisonment.[2]  Hall elected to proceed *pro se*, and was appointed standby counsel.  Hall filed a *pro se* omnibus pre-trial Motion, which the trial court denied.  Following a jury trial on January 8-9, 2019,[3] Hall was convicted of corruption of minors, and was acquitted of rape, sexual assault, and unlawful contact with a minor.[4]  Hall waived the preparation of a pre-sentence investigation report, and proceeded to sentencing the next day.  The trial court sentenced Hall to two-and-a-half to five years in prison with credit for time served.

Hall filed a timely post-sentence Motion, claiming that his sentence was unreasonably harsh, and that the weight of the evidence did not support his conviction.  On May 17, 2019, following a hearing, the trial court issued an Order granting Hall's post-sentence Motion, vacating Hall's sentence, and

---

[2] 18 Pa.C.S.A. § 3121(a)(1), 6301(a)(1)(i), 6318(a)(1), 2902(a)(1), 3122.1(b), 3126(a)(1), 3124.1, and 2903(a).

[3] After the first day of trial, Hall elected to utilize the services of standby counsel, who continues to represent Hall through the instant appeal.

[4] The trial court dismissed the charge of false imprisonment at Hall's preliminary hearing.  The Commonwealth *nolle prossed* all other remaining charges prior to the start of trial.

scheduling a new sentencing hearing.[5] On July 22, 2019, the trial court again sentenced Hall to a term of two-and-a-half to five years in prison with credit for time served. Hall did not file a post-sentence Motion, but filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Hall raises the following issues for our review:

1. Whether the guilty verdict as to the charge of [c]orruption of [m]inors was against the weight of the evidence?

2. Whether there was sufficient evidence to sustain the conviction upon the charge of [c]orruption of [m]inors?

3. Whether [Hall]'s [M]otion to dismiss pursuant to Pa.R.Crim.P. 600(A) should have been granted?

4. Whether the trial court improperly departed from the sentencing guidelines and, as a result, the sentence was unreasonable, constituting an abuse of discretion?

Brief for Appellant at 4.[6]

In his first claim preserved for our review, Hall argues that the jury's verdict was against the weight of the evidence. *Id.* at 11-15. Specifically, he attacks the credibility of R.S.'s testimony and her account of the assault, and points to the lack of forensic evidence offered by the Commonwealth to

---

[5] The record does not include the notes of testimony from the trial court hearing on Hall's post-trial Motion, nor does the record include any information detailing the reasons why the trial court vacated Hall's sentence.

[6] In the argument section of Hall's brief, he indicates that he is not pursuing his second and third issues on appeal. See Brief for Appellant at 14-15, 15-16. Thus, we decline to address these issues separately.

corroborate R.S.'s testimony that Hall had ejaculated during the assault. *Id.* at 12. Further, Hall directs our attention to R.S.'s choice not to report the assault until several months after it occurred, and her inability to recall the exact date in July 2015 on which Hall assaulted her. *Id.* at 12-13. Hall points to his own testimony at trial and the statements he made to police in which he adamantly denied that he had assaulted R.S. *Id.* at 13-14. Further, Hall iterates that his niece testified as to Hall's good reputation in the community. *Id.*[7]

> The law pertaining to weight of the evidence claims is well-settled. The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015) (quotation marks and citations omitted).

The trial court, in its Opinion, addressed Hall's weight claim as follows:

---

[7] We note that Hall preserved his challenge to the weight of the evidence by raising it during his resentencing hearing. *See* N.T., 7/22/19, at 3-4, 7-8; *see also* Pa.R.Crim.P. 607(A).

- 4 -

> [Hall]'s challenge rests on his argument that [R.S.]'s testimony was incredible, contradictory and uncorroborated. Pennsylvania law is clear that a conviction may be based on the uncorroborated testimony of a single witness. ***Commonwealth v. Johnson***, 180 A.3d 474, 478 (Pa. Super[.] 2018). Thus, the testimony of R[.]S[.] alone was sufficient to support the conviction. However, contrary to [Hall]'s assertions, R[.]S[.]'s testimony was corroborated by her conduct, her prompt report to her cousin, and by her consist [*sic*] report of the events to her school counselor, her reluctance to be involved in a court proceeding, and her statement to the [Philadelphia Children's Alliance] interviewer.
>
> Assuming that there were contradictions or conflicts in the testimony, as [Hall] claims, it is the role of the factfinder "to weigh the evidence and resolve conflicts therein." ***Commonwealth v. Story***, 383 A.2d 155, 167 (Pa. 1978). Resolving conflicts in the testimony is an "appropriate [fact finder] function and [an] appellant will not be heard to complain." ***Commonwealth v. Gardner***, 416 A.2d 1007, 1009 (Pa. 1980). It is also up to the jury to decide whether to find that the character testimony outweighs the other evidence and creates a reasonable doubt.
>
> This [c]ourt observed the testimony of [R.S.] and heard from the corroborating/prompt complaint witnesses. The [c]ourt found [R.S.] credible, and the behavior of [R.S.] and others following the incident supported her credibility. Conversely, the testimony of [Hall] that he, a 40-year-old man, was the innocent and unwilling victim of a 15-year-old sexual aggressor, was incredible.

Trial Court Opinion, 1/24/20, at 9-10.

Upon our review of the record, we agree with the sound analysis of the trial court, and discern no abuse of discretion in its determination that the weight of the evidence supported Hall's conviction. ***See Gonzalez***, ***supra***. Hall, essentially, asks us to re-weigh the evidence in his favor, which this Court is not empowered to do. ***See Commonwealth v. Vargas***, 108 A.3d 858, 867 (Pa. Super. 2014) (stating that this Court may not "re-weigh the evidence

and substitute our judgment for that of the fact-finder."). Accordingly, we can grant Hall no relief on this claim.

In Hall's final preserved issue, he argues that the trial court imposed an unreasonable sentence. Brief for Appellant at 16-17. Hall asserts that the trial court's imposition of the statutory maximum sentence of two-and-a-half to five years in prison was excessive, as the trial court "failed to adequately set forth aggravating factors justifying such an upward departure, and improperly considered prior arrests not even held over for court[.]" *Id.*

Hall challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011). An appellant challenging the discretionary aspects of sentence must first invoke this Court's jurisdiction by satisfying a four-part test to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013) (citations omitted).

Here, Hall filed a timely Notice of Appeal, and preserved the issue during his resentencing hearing. *See* N.T., 7/22/19, at 3-4, 7-8 (wherein Hall's counsel stated that he was incorporating the previously-filed post-sentence Motion into the resentencing, and that he would be filing a notice of appeal

directly, as the issues on appeal had already been preserved). Additionally, Hall's appellate brief contains a separate Rule 2119(f) Statement. *See* Brief for Appellant at 16-17. Finally, Hall has raised a substantial question for our review. *See Commonwealth v. Flowers*, 149 A.3d 867, 871 (Pa. Super. 2016) (stating that an argument that the trial court failed to state adequate reasons on the record for its sentence raises a substantial question); *Commonwealth v. Pacheco*, 227 A.3d 358, 376 (Pa. Super. 2020) (stating that "an allegation that the court considered an impermissible sentencing factors raises a substantial question."). Accordingly, we will consider the merits of Hall's discretionary aspects of sentencing claim.

> We adhere to the following standard of review:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercise its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa. Super. 2007) (citation omitted).

"When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa. Super. 2009). "We cannot re-weigh the sentencing

factors and impose our judgment in the place of the sentencing court."
***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009).

A trial court's sentence "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Pursuant to 42 Pa.C.S.A. § 9781(c), we can vacate and remand only if we find that: (1) the trial court intended to sentence within the guidelines, but "applied the guidelines erroneously;" (2) a sentence was imposed within the guidelines, "but the case involves circumstances where the applications of the guidelines would be clearly unreasonable;" or (3) "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c).

"In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Commonwealth v. Mouzon***, 812 A.2d 617, 620-21 (Pa. 2002); 42 Pa.C.S.A. § 9721(b). Although the sentencing court is required to explain on the record its reasons for imposing sentence, it "need not specifically cite or include the language of the sentencing code, it must only demonstrate that the court has considered the factors specified in the code."

***Commonwealth v. Baker***, 507 A.2d 872, 874 (Pa. Super. 1986) (internal citation omitted).

> Further,

> [t]he [Sentencing G]uidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors—they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence.

***Commonwealth v. Walls***, 926 A.2d 957, 964-65 (Pa. 2007). "[T]here is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment." ***Mouzon***, 812 A.2d at 624-25.

In this case, the parties agreed that the Offense Gravity Score for Hall's corruption of minors conviction was 4, and that Hall's prior record score was zero. Applying the Basic Sentencing Matrix set forth at 204 Pa. Code § 303.16(a), the Sentencing Guidelines recommend a standard-range minimum sentence of restorative sanctions to 3 months, plus or minus 3 months. ***See id.*** § 303.16(a); ***see also id.*** § 303.13(a)(4) (providing that, for an offense with an Offense Gravity Score of 4, a "court may impose a sentence that is up to 3 months longer than the upper limit of the standard range[,]" if it determines that there are aggravating circumstances). The trial court imposed the statutory maximum sentence of two-and-a-half to five years in prison. ***See*** 18 Pa.C.S.A. § 1104(1) (stating that a sentence for a first degree misdemeanor conviction shall be not more than five years). Because the trial court imposed a sentence beyond the Sentencing Guidelines,

Hall's sentence will not be reversed unless it is unreasonable. 42 Pa.C.S.A. § 9781(c)(3).

In its initial sentencing of Hall, the trial court placed on the record its reasons for imposing its sentence:

> I have considered the arguments of both [c]ounsel, the testimony of [R.S.'s father], [Hall]'s allocution, [t]he Affidavit of Probable Cause marked as C-1, as well as the particular circumstances of the offense. This court does respect the [j]ury's verdict and is considering only what is relevant to the conviction of corrupting the morals of a minor, and even so, given the evidence in the light most favorable to the Commonwealth as it relates to that conviction, this court finds that the guidelines failed to reflect the threat that [Hall] poses to society. The court also gives great consideration to the offense of [Hall]'s conduct the impact on the victim. [*sic*] As to the particular circumstances of the offense, the court notes [Hall]'s relative age, position of authority and size in relation to the victim; so [*sic*] additional aggravating factors. So while [] Hall has waited a long time to get his verdict, the time has served him well to consume the time for the aggravated sentence. The [c]ourt will depart upward and sentence [Hall] to two-and-a-half to five years of incarceration; credit for time served.

N.T., 1/10/19, at 17-18.

Subsequently, at Hall's resentencing hearing, the trial court stated the following:

> All right. So, again, I have considered the arguments of both counsel and also reviewed the notes of testimony from the January 10, 2019, sentencing hearing. And, again, I will consider the testimony of [R.S.'s father] as relative to the impact on the victim. This [c]ourt also considers the particular circumstances of the offense noting [Hall]'s relative age, position of authority, and size in relation to the victim. This [c]ourt also considers [Hall]'s allocution and finds from it a lack of remorse. And for all of these reasons, the [c]ourt will depart upward and sentence [Hall] to 2 ½ to 5 years incarceration with credit for time served. Again, I

- 10 -

won't impose any conditions.  The sentence will be exactly as it
was before.

N.T., 7/22/19, at 5.

Our review of the record confirms that the trial court considered the relevant sentencing factors, and adequately set forth its reasons for imposing a sentence outside of the Sentencing Guidelines, which we do not conclude is unreasonable.  **See Mouzon**, 812 A.2d at 620-21.  We also do not conclude that the sentence is unreasonable, considering the circumstances of the offense, the age of the victim, and Hall's demeanor at sentencing.  **See id.** at 624-25.  Additionally, contrary to Hall's claims, the record does not indicate that the trial court improperly considered Hall's prior arrest history.  **See** N.T., 1/10/19, at 4-21; N.T., 7/22/19, at 3-8 (wherein the trial court details its reasons for imposing Hall's sentence).  In light of the foregoing, we discern no abuse of the trial court's discretion in imposing Hall's sentence, and Hall is not entitled to relief on this claim.  **See Robinson**, **supra**; **Baker**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/21

- 11 -